UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> JOHN M. FIFE and <br> CLARION MANAGEMENT, LLC, <br><br> Defendants. | Civil Action No. 07-CV-0347 <br> Judge Kennelly <br> Magistrate Judge Cole |

## FINAL JUDGMENT AGAINST DEFENDANTS
## JOHN M. FIFE AND CLARION MANAGEMENT, LLC

The Securities and Exchange Commission having filed a Complaint and Defendants John M. Fife ("Fife") and Clarion Management, LLC ("Clarion Management") (collectively, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Fife and Clarion Management are jointly and severally liable for disgorgement of $234,399, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $60,584, and Fife shall pay a civil penalty in the amount of $234,399 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendants Fife and Clarion Management shall satisfy their joint and several obligation to pay disgorgement and prejudgment interest thereon by paying $294,983, by certified check made payable to Clerk, United States District Court for the Northern District of Illinois, within ten business days to the Clerk of this Court, together with a cover letter identifying John M. Fife and Clarion Management, LLC as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that the payment is made pursuant to this Final Judgment. Fife shall satisfy his additional

obligation to pay a civil penalty by paying an additional $234,399, by certified check made payable to Clerk, United States District Court for the Northern District of Illinois, within ten business days to the Clerk of this Court, together with a cover letter identifying Fife as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that the payment is made pursuant to this Final Judgment. Defendants shall simultaneously transmit photocopies of both payments and letters to the Commission's counsel in this action, Steven J. Levine, Senior Trial Counsel, 175 West Jackson Boulevard, Suite 900, Chicago, Illinois 60604. By making these payments, Defendants relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendants. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court's Registry. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether

3

any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Fife shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Fife's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Fife's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Fife shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action, Steven J. Levine, and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Fife by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of John M. Fife and Clarion Management, LLC is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

                                                                     [signature]
                                                    UNITED STATES DISTRICT JUDGE

DATED: 8-9-07